# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**AMBER YBARRA**
**ADC #710487**                                                                                    **PLAINTIFF**

**V.**                          **CASE NO. 1:14-CV-00054 BSM/BD**

**RAY HOBBS, et al.**                                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian S. Miller.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

>Mail your objections to:
>
>>Clerk, United States District Court
>>Eastern District of Arkansas
>>600 West Capitol Avenue, Suite A149
>>Little Rock, AR 72201-3325

## II.     Background:

Plaintiff Amber Ybarra, an Arkansas Department of Correction inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that Ray Hobbs, Raymond Naylor, Grant Harris, John Maples, Billy Inman, Linda Dixon, and Nurhuzural Faust violated her constitutional rights by allowing her to be physically attacked by Officer Leroy Hoots (not a party to this lawsuit) on April 9, 2011.  (Docket entry #2)  Ms. Ybarra claims that the Defendants were aware of Officer Hoots's history of using excessive force against inmates but failed to remedy the situation.

In 2011, Ms. Ybarra filed a previous lawsuit based on the same incident, *Ybarra v. Hoots*, E.D. Ark. Case No. 1:11cv57 ("Ybarra I").  In that lawsuit, Ms. Ybarra named Officer Hoots and Lieutenant Dixon as Defendants.  Although Ms. Ybarra's claims against Lieutenant Dixon were dismissed, without prejudice, based on her failure to exhaust administrative remedies, she proceeded to a jury trial on her claim against Officer Hoots.  The jury returned a verdict in Officer Hoots's favor.  The jury verdict was upheld on appeal, and the Supreme Court denied Ms. Ybarra's petition for writ of *certiorari*.

Defendants have now moved to dismiss the claims Ms. Ybarra raises in this lawsuit.  (#17)  In addition to arguing that Ms. Ybarra's claims are time-barred,

Defendants contend that: they are entitled to sovereign immunity; Ms. Ybarra's claims are barred by the doctrines of res judicata (claim preclusion) and collateral estoppel (issue preclusion), and Ms. Ybarra lacks the authority to bring an action under the Civil Rights of Institutionalized Persons Act ("CRIPA"). Ms. Ybarra has responded to the Defendants' motion. (#20)

For the reasons set forth below, the Court recommends that the Defendants' motion (#17) be GRANTED and that Ms. Ybarra's claims be DISMISSED, with prejudice.[1]

## III. Discussion:

### A. Statute of Limitations

The applicable limitations period for § 1983 actions is determined by looking to state tort law. In Arkansas, the general personal injury statute of limitations is three years. ARK. CODE ANN. § 16–56–105. See also *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) (applying three-year statute of limitations to § 1983 claim) and *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991) (holding that the applicable statute of limitations period for a § 1983 claim in Arkansas is three years). Because federal law requires

---

[1] The Court notes that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court is "not precluded in [its] review of the complaint from taking notice of items in the public record." *Papasan v. Allain*, 478 U.S. 265, 269 n. 1, 106 S.Ct. 2932 (1986); *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss").

prisoners to fully exhaust their claims prior to bringing a civil rights lawsuit, however, Arkansas law provides that the § 1983 "statute of limitations is tolled during the period of time the application for the administrative remedies is pending." ARK. CODE ANN. § 16-106-301.  See also *Montin v. Estate of Johnson*, 636 F.3d 409, 413-14 (8th Cir. 2011) (issue of equitable tolling is controlled by state tort law).

Here, the only date referenced in Ms. Ybarra's complaint is the date of the underlying incident, April 9, 2011.  Ms. Ybarra filed the instant lawsuit on May 19, 2014, more than three years after the incident.  She has not come forward with any proof that she timely filed any grievance relating to any of the named Defendants so as to toll the statute of limitations.  Ms. Ybarra attached several grievances to her complaint, but none of those grievances names any of the Defendants she has sued in this lawsuit.   Because Ms. Ybarra has not presented any evidence to show that she timely pursued administrative remedies against the Defendants named in this lawsuit, there is no basis to find that the statute of limitations was tolled.  See *Winston v. Kelley*, 2013 WL 593558 (E.D. Ark. Feb. 15, 2013) (holding that statute of limitation was not tolled where inmate plaintiff never filed a grievance against a particular officer).  Therefore, Ms. Ybarra's claims are time-barred.

B.   Sovereign Immunity

Ms. Ybarra's claims for money damages from the Defendants in their official capacities are barred, of course, by sovereign immunity.  It is settled law that a civil

litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). For that reason, her official-capacity claims against the Defendants for money damages should be dismissed based on sovereign immunity.

    C.    *Res Judicata*

A claim is precluded under *res judicata* principles if: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. *In re Anderberg–Lund Printing Co.*, 109 F.3d 1343, 1346 (8th Cir. 1997). A preclusion analysis generally turns on whether the claims arise out of the "same nucleus of operative facts." *United States v. Gurley*, 43 F.3d 1188, 1195 (8th Cir. 1994) (quoting *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990)).

Here, Ms. Ybarra's claims plainly arise out of the same incident that was at issue in Ybarra I. She claims that the Defendants failed to protect her from Officer Hoots's use of excessive force against her in April 2011. A jury, however, found that Officer Hoots did not use excessive force against Ms. Ybarra during the incident in question. Thus, any claim that the Defendants named in this lawsuit failed to protect Ms. Ybarra from Officer Hoots's use of excessive force is foreclosed by the jury's verdict in Ybarra I.[2]

---

[2] Because the issue litigated in Ybarra I is not identical to the issue raised in this lawsuit, Ms. Ybarra's claims are not barred by collateral estoppel. The federal doctrine of collateral estoppel requires: (1) the issue be identical to one in a prior adjudication;

D. The Civil Rights of Institutionalized Persons Act

According to federal statute, the Attorney General is the only person who may pursue a claim under CRIPA. 42 U.S.C. § 1997a. Accordingly, Ms. Ybarra lacks standing to pursue claims under CRIPA, and this claim also fails.

**IV. Conclusion:**

The Court recommends that the Defendants' motion to dismiss (#17) be GRANTED. Ms. Ybarra's claims should be DISMISSED, with prejudice.

DATED this 21st day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

---

(2) there was a final judgment on the merits; (3) the estopped party was a party or was in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard. *United States v. McManaman*, 673 F.3d 841, 847 (8th Cir. 2012).